UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TRACY CRAIG,

                            Plaintiff,

     -v-                                        6:04-CV-888

STEPHEN GOMULA, CHAD ALUKONIS,
MONTGOMERY COUNTY SHERIFF'S
DEPARTMENT, and COUNTY OF MONTGOMERY,

                            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                          OF COUNSEL:

ANDERSON, MOSCHETTI & TAFFANY, PLLC    PETER J. MOSCHETTI, JR., ESQ.
Attorney for Plaintiff
26 Century Hill Drive, Suite 206
Latham, NY 12110

MICHAEL W. SMRTIC, ESQ.
Attorney for Defendant Gomula
289 North Main Street
Gloversville, NY 12078

GOLDBERG SEGALLA LLP                                  LATHA RAGHAVAN, ESQ.
Attorneys for Defendants Alukonis, Montgomery         BRYAN D. RICHMOND, ESQ.
  County Sheriff's Dept. & Montgomery County
8 Southwoods Boulevard, Suite 300
Albany, NY 12211-2526

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

       Plaintiff Tracy Craig ("Craig" or "plaintiff") filed the instant action alleging various federal constitutional and state law claims arising out of an incident that occurred on

September 5, 2003. Defendants Chad Alukonis ("Alukonis"), the Montgomery County Sheriff's Department ("the Sheriff's Department"), and Montgomery County ("the County") move for summary judgment and/or to dismiss for failure to state a claim pursuant to Federal Rules of Civil Procedure 56 and 12(b)(6). Plaintiff opposed to the extent set forth below. The motion was taken on submission without oral argument.

## II. FACTS

The facts are undisputed unless otherwise noted. Only the facts necessary to a determination of the instant motion, or to provide background, are set forth.

At the time in issue defendant Stephen Gomula ("Gomula") and Alukonis were sheriff's deputies for the County. On September 5, 2003, Gomula was working a 6:00 a.m. to 6:00 p.m. shift. He signed out at 6:01 p.m., left his uniform shirt in his locker, and left the building wearing a his uniform pants with a white undershirt. He kept his service revolver with him. He drove a short distance to arrive in the parking lot where Craig ran a business.

Alukonis began his shift at 6:00 p.m. that day, and was fully dressed in his uniform. He saw Gomula in the parking lot and stopped to say hello. Gomula and Alukonis entered plaintiff's store. Gomula asked Craig to come outside. A few minutes later, Craig came out into the parking lot. Craig and Gomula had a verbal altercation. Alukonis stood nearby, but was not a part of the conversation. The verbal exchange between Craig and Gomula became heated. Gomula pushed Craig, raised his service revolver threateningly, and pointed the revolver at Craig's head while threatening him. Gomula then lowered his weapon. Craig returned to his place of business, where a witness was calling the Sheriff's Department to report the incident.

Gomula and Alukonis went to a nearby convenience store. At the store they encountered a sergeant in the Sheriff's Department and told him what had happened. The Sheriff's Department investigated the incident and initiated disciplinary proceedings.

According to plaintiff, Gomula pled guilty to a criminal menacing charge and was sentenced to thirty days in jail. Gomula and the sergeant eventually resigned from the Sheriff's Department. Alukonis accepted a 45 day suspension without pay.

## III. STANDARDS

### A. Motion to Dismiss

A cause of action shall not be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In considering a motion brought pursuant to Fed. R. Civ. P. 12(b), the court must assume all of the allegations in the complaint are true. Id. In reviewing the sufficiency of a complaint at the pleading stage, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

### B. Summary Judgment

Summary judgment must be granted when the pleadings, depositions, answers to interrogatories, admissions and affidavits show that there is no genuine issue as to any material fact, and that the moving party is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S. Ct. 2505, 2509-10 (1986). The moving party carries the initial burden of demonstrating an absence of a genuine issue of material fact. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317,

323, 106 S. Ct. 2548, 2552 (1986). Facts, inferences therefrom, and ambiguities must be viewed in a light most favorable to the nonmovant. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986).

When the moving party has met the burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., 475 U.S. at 586, 106 S. Ct. at 1356. At that point, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56; Liberty Lobby, Inc., 477 U.S. at 250, 106 S. Ct. at 2511; Matsushita Elec. Indus. Co., 475 U.S. at 587, 106 S. Ct. at 1356. To withstand a summary judgment motion, sufficient evidence must exist upon which a reasonable jury could return a verdict for the nonmovant. Liberty Lobby, Inc., 477 U.S. at 248-49, 106 S. Ct. at 2510; Matsushita Elec. Indus. Co., 475 U.S. at 587, 106 S. Ct. at 1356.

## IV. DISCUSSION

The Sheriff's Department first argues that it is not a separate legal entity and therefore it cannot be sued. Plaintiff makes no opposing argument. Thus, the Sheriff's Department will be dismissed as a defendant.

The County argues that it should also be dismissed as a defendant because no facts are alleged under which plaintiff could recover. A municipality cannot be held liable based solely on respondeat superior. Monell v. New York City Dep't of Social Serv., 436 U.S. 658, 694 (1978). Rather, a municipality may be held liable only when a governmental policy or custom causes the constitutional violation at issue. Id.; Wimmer v. Suffolk County Police Dep't, 176 F.3d 125, 137 (2d Cir. 1999). Here, the only allegations against the County are that Gomula and Alukonis were employed by the County when the incident occurred.

(See Compl. ¶¶ 34, 38, 42.)  There is no allegation that there was any policy or custom that caused a violation of Craig's constitutional rights.  Thus, the complaint fails to state a federal constitutional claim against the County.

The County further argues that there are no viable state law causes of action against it.  Plaintiff invokes a special relationship exception to the general rule that a municipality is not liable for injuries caused by a failure to provide police protection, citing Cuffy v. City of New York, 69 N.Y.2d 255 (N.Y. Ct. App. 1987).  In Cuffy, two neighbor families had a history of confrontations requiring police intervention.  Id. at 258.  After a threat to his family's safety, Mr. Cuffy went to the police station at about 11:00 p.m. to ask for protection, stating that, in order to protect their safety, he was going to move his family out of its apartment unless the threatening neighbor was arrested.  Id. at 259.  The officer told Mr. Cuffy not to worry, that "an arrest would be made or something else would be done about the situation 'first thing in the morning.'"  Id.  In reliance on the officer's assurances, Mr. Cuffy did not move his family.  Id.  No police action was taken.  Id.  At about 7:00 p.m. the next evening, Mr. Cuffy's older son arrived for a visit and was accosted by the neighbor.  The neighbor struck him with a baseball bat.  Id.  Mr. Cuffy's wife and younger son went to assist.  The three members of the Cuffy family were seriously injured in the attack.  Id. at 259-60.  The court stated that a special duty could arise where the municipality assumed, through promises or actions, an affirmative duty to protect the injured party.  Id. at 260.  However, the injured party must have had direct contact with the agency (which the older son did not), and

must have had injuries resulting from reliance upon the promise (which the wife and younger son did not).[1] Id. at 260-63.

Unlike in Cuffy, here the County did not assume through any promises or actions an affirmative duty to protect the injured party. Rather, the general rule applies here--the County is not liable for Alukonis's simple failure to protect Craig. See id. at 260. Thus, plaintiff's claims against the County relying upon state law also fail.

Alukonis seeks dismissal of the state law claims of assault, false imprisonment, and intentional infliction of emotional distress, as well as any claims pursuant to Section 1983. Viewing the facts in the light most favorable to plaintiff and making all inferences in his favor, plaintiff has demonstrated that questions of fact remain with regard to the assault, battery, false imprisonment, and intentional infliction of emotional distress state law claims as well as the parallel federal law excessive force and false imprisonment claims. Accordingly, Alukonis's motion for summary judgment with regard to these claims will be denied.

Finally, defendants argue that punitive damages claims against Alukonis and the County must be dismissed. Plaintiff made no argument regardiing the punitive damages claim against the County, and it will be dismissed. However, there remain questions of fact for the jury to determine if Alukonis's conduct rises to the level to warrant an award of punitive damages.

---

[1] The reliance element was not met because Mr. Cuffy had been in and out of the house twice that evening, his wife had entertained other relatives earlier, she was aware that police action was not forthcoming, and they planned to go out to dinner later. Id. at 263. The court found that any reliance had dissipated by the time of the attack so that injuries were not causally related. Id. at 264.

## V. **CONCLUSION**

The Sheriff's Department is not a separate entity and cannot be sued. Therefore, it is dismissed as a defendant in this action.

Plaintiff makes no allegation of a policy, custom, or practice of the County that resulted in violation of his constitutional rights. Further, the County cannot be held liable for the alleged failure of Alukonis to protect plaintiff and punitive damages cannot be assessed against it. Thus, all claims against the County are dismissed.

Plaintiff has adduced evidence sufficient to create questions of fact regarding the state law assault, battery, false imprisonment, and intentional infliction of emotional distress claims as well as the parallel federal law excessive force and false imprisonment claims. Accordingly, Alukonis is not entitled to summary judgment on these claims. Similarly, Alukonis is not entitled to summary judgment on the issue of punitive damages.

In summary, all claims against Gomula remain for trial as no motion was made on his behalf. The Sheriff's Department and the County are no longer defendants in this action. The claims against Alukonis remaining for trial are assault, battery, false imprisonment, and intentional infliction of emotional distress pursuant to state law, and excessive force and false imprisonment claims under federal law. In addition, the issue of punitive damages against Alukonis remains for trial.

Accordingly, it is

ORDERED that

1. Defendants' motion for summary judgment and to dismiss is GRANTED in part and DENIED in part;

      2. All claims against the Sheriff's Department and the County are DISMISSED and they are DISMISSED as defendants;

      3. Defendants' motion for summary judgment as to the claims of assault, battery, false imprisonment, and intentional infliction of emotional distress pursuant to state law and excessive force and false imprisonment claims under federal law is DENIED.

      IT IS SO ORDERED.

_____
United States District Judge

Dated: February 23, 2007
       Utica, New York.